George ROSS, Plaintiff,

v.

David S. OWENS, et al., Defendants.

Civ. A. No. 89–6450.

United States District Court,
E.D. Pennsylvania.

Sept. 28, 1989.

---

George Ross, pro se.

No appearance for defendants.

## MEMORANDUM

KATZ, District Judge.

Plaintiff, a prisoner, seeks injunctive and monetary relief against prison officials who have refused to allow his sixteen year old son to visit him. This court dismissed the claim on the grounds that *Kentucky Department of Corrections v. Thompson*, — U.S. —, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989), precluded suit. In his motion for reconsideration, the prisoner reiterated his claim that prison officials should not depart from visiting regulations and deny visits from a minor family member. The court does find plaintiff's claim regarding the past, attempted visit by his son to be frivolous. However, plaintiff could well have a non-frivolous claim if the prison officials insist on the consent of the son's legal guardian before permitting another visit.

On June 26, 1989, the visiting desk officer refused to permit prisoner George Ross's sixteen year old son, accompanied by an adult family member, to pay Mr. Ross a visit, according to the complaint. The reason allegedly given for the denial was that his son did not have any form of identification. For eight years prior to this time, Mr. Ross's son had been on a list of approved visitors and had visited him numerous times, plaintiff claims.

According to Mr. Ross, when he filed a grievance the complaint officer told him that his son should carry a high school I.D. card. In addition, the officer said that Mr. Ross had to obtain BC–313A form, which required his son's legal guardian to grant or withhold approval of the sixteen year old's future visits. On appeal within the institution, the Superintendent and the Commissioner also recommended the use of Form BC–313A.

It appears that plaintiff does not need the permission of the son's guardian for a visit with his son. 37 Pa.Code § 93.3 states that "[e]xcept for members of an inmate's immediate family, a minor's name may be placed on the approved list only with permission of the minor's parents or guardian." Mr. Ross's son apparently belongs to his immediate family; it would appear that Form BC–313A is not necessary for him to be placed on the approved list of visitors. Nor would it appear that he could be denied entry as a visitor if the form were not completed.

It was proper, however, for the prison to refuse the son admittance for failing to produce identification. 37 Pa.Code § 93.3(i)(4) and § 93.233(a)(7) require all visitors to show identification before being permitted to visit. Thus, even though Mr. Ross's son was on an approved list of visitors, his lack of identification was an appropriate basis for denying him entry on the occasion of June 26, 1989 and any claim to the contrary is frivolous.

The court suggests that plaintiff furnish a copy of this memorandum to the prison officials to promote a fair and efficient resolution of this dispute.

### ORDER

AND NOW, this 28th day of September 1989, plaintiff's Motion Pursuant to Rule 60(b)(1) is treated as a Motion for Reconsideration and is DENIED, with leave to plaintiff to file another complaint if defendants refuse to admit his son as a visitor, regardless of the permission of the minor's parents or guardian.